# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Date:              April 15, 2014

Courtroom Deputy:  Kathleen Finney
Court Reporter:    Tracy Weir
Interpreter:       Susana Cahill
Probation Officer: Justine Kozak

---

**Criminal Action No.  14-cr-00009-REB**

*Parties:*                          *Counsel:*

UNITED STATES OF AMERICA,           Mark Barrett

     Plaintiff,

v.

JOSE RODOLFO CAMPOS-LUCAS,          Brian Leedy

     Defendant.

---

## SENTENCING MINUTES

---

**10:31 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Parties stipulate as to interpreter's qualifications; interpreter sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a sentencing memorandum [#23] filed April 8, 2014.

Now pending before the court and relevant to sentencing are: the **Defendant's Motion for a Variant Sentence of Time Served** [#22] filed April 1, 2014, and the **Government's Motion for a One-Level Variance of Appellate Waiver and Response to Defendant's Motion for Non-Guideline Sentence** [#24] filed April 11, 2014.

Counsel for the government confirms that counsel has read the sentencing memorandum.

Counsel for the defendant informs the court that counsel has read and discussed the sentencing memorandum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1.    That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2.    That the pending motions are resolved as follows:

- that the **Defendant's Motion for a Variant Sentence of Time Served** [#22] is **GRANTED IN PART, DENIED IN PART** subject to the following orders; and

- that the **Government's Motion for a One-Level Variance of Appellate Waiver** [#24] is **GRANTED**;

3.    That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Indictment;

4.    That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **four (4) months**;

5.     That on release from imprisonment, the defendant shall be placed on supervised release for a term of **two (2) years**;

6.     That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

  - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

  - that the defendant shall not possess or use illegally controlled substances;

  - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

  - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

  - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

  - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7.     That no fine is imposed;

8.     That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9.     That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are

waived;

10.    That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

11.    That the defendant is remanded to the custody of the United States Marshal.

The defendant waives formal advisement of appeal.

**11:04 a.m.    Court in recess.**

Total time in court: 00:33

Hearing concluded.